```
           IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
PAMELA W. MONROY,
                                *
    Plaintiff,
                                *
         v.                           CIVIL NO.: WDQ-07-0823
                                *
BALTIMORE COUNTY, MARYLAND,
                                *
    Defendant.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pamela W. Monroy sued Baltimore County, Maryland for gender discrimination in violation of Title VII of the Civil Rights Act.[1] Pending is Defendant's motion to alter or amend judgment. For the following reasons, Defendant's motion will be denied.

I.   Background

Monroy, an African American female, started working for the Baltimore County Department of Corrections ("BCDC") in 1988, and became a Sergeant in 1991. Amended Compl. ¶ 6. Since 2000, Monroy has applied for the Lieutenant position five times, but has never been selected. *Id.* at 8. Monroy most recently applied for a promotion in 2005, and after being interviewed did not receive the promotion. *Id.* at 11. Monroy alleges that despite her experience, two male applicants and one female with inferior qualifications, were given the promotions. *Id.* at 12.

Monroy filed a complaint with the Equal Employment Opportunity

---

[1] 42 U.S.C. § 2000e *et seq.* (2006).

1

Commission ("EEOC") on August 8, 2006, and it issued a Notice of Right to Sue on October 25, 2006.  On January 5, 2007, Monroy sued the BCDC in the Circuit Court for Baltimore County, and the case was removed to federal court on March 30, 2007.

On April 4, 2007, the Defendant filed a Motion to Dismiss claiming the BCDC was not a legal entity subject to suit.  Paper No. 8.  In response, on April 19, 2007, Monroy filed a Motion for Leave to Amend the Complaint to reflect the name of the Defendant as "Baltimore County, Maryland."  Paper No. 11.  On July 19, 2007, the Court issued an order (the "Order") denying Defendant's motion to dismiss and granting Monroy's motion to amend.  Paper No. 14.

II.  Analysis

    A.   Motion to Alter or Amend Judgment

Federal Rule of Civil Procedure ("Rule") 59(e) "was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (*quoting* Advisory Committee Note to the 1946 amendment of Rule 59).  "[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits."  *Id.* at 451.

"A district court has the discretion to grant a Rule 59(e) motion in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Hill v. Braxton*, 277 F.3d 701,

708 (4th Cir. 2002) (internal quotation marks omitted).  "Moreover, Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."  *Id.*

    B.    Discussion

The Defendant contends that the Court granted Monroy's motion to amend without addressing the merits of its arguments.  The Defendant argues that the Court incorrectly held that the Defendant did not file a response to Monroy's motion to amend.  Def.'s Supp. Mem. at 2.  The Defendant maintains that its "Reply to Plaintiff's Response to Motion to Dismiss" included a response to the motion to amend, which asserted that Monroy's proposed amendment did not relate back under Rule 15(c).  *Id.*  Since the Court granted Monroy's motion to amend without addressing its arguments on the relation back issue, the Defendant asserts that the Order should be vacated.  *Id.*

The Court correctly held that Rule 15(a) permitted Monroy to amend her complaint.  Although it appears that the Defendant filed a response to Monroy's motion to amend, Monroy's compliance with Rule 15(a) made it unnecessary for the Court to address the Defendant's relation back argument.  Accordingly, the Court did not err, and the Defendant's motion will be denied.

III. Conclusion

For the stated reasons, Defendant's motion will be denied.


October 4, 2007                                /s/
Date                                      William D. Quarles, Jr.
                                        United States District Judge